THE O'MARA LAW FIRM, P.C.
WILLIAM O. O'MARA (Nevada Bar No. 837)
DAVID C. O'MARA (Nevada Bar No. 8599)
311 East Liberty Street
Reno, NV  89501
Telephone:  775/323-1321
775/323-4082 (fax)

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
ARTHUR C. LEAHY
BRIAN O. O'MARA (Nevada Bar No. 8214)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 3:09-cv-00419-ECR-RAM  CLASS ACTION |
| Plaintiff, | ) ) | IRON WORKERS DISTRICT COUNSEL OF WESTERN NEW YORK AND VICINITY |
| vs. | ) ) | PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF |
| INTERNATIONAL GAME TECHNOLOGY, et al., | ) ) ) | AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND |
| Defendants. | ) ) ) | AUTHORITIES IN SUPPORT THEREOF |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................2

II. SUMMARY OF THE ACTION........................................................................................2

III. ARGUMENT......................................................................................................................3

    A. Iron Workers Should Be Appointed Lead Plaintiff ................................................3

        1. Iron Workers Has Timely Moved for Appointment as Lead Plaintiff .........................................................................................................5

        2. Iron Workers Has the Requisite Financial Interest in the Relief Sought by the Class...................................................................................5

        3. Iron Workers Otherwise Satisfies Rule 23..................................................5

    B. Iron Workers' Selection of Lead and Liaison Counsel Should Be Approved..................................................................................................................7

IV. CONCLUSION...................................................................................................................9

Iron Workers District Counsel of Western New York and Vicinity Pension Fund ("Iron Workers") hereby moves this Court for an order: (1) appointing Iron Workers as lead plaintiff in the above-captioned action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; (2) approving lead plaintiff's selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel; and (3) granting such other and further relief as the Court may deem just and proper.

This motion is made on the grounds that Iron Workers is entitled to the presumption that it is the "most adequate plaintiff" to serve as lead plaintiff pursuant to the Securities Exchange Act of 1934 ("the Exchange Act"). *See* 15 U.S.C. §78u-4(a)(3)(B). Iron Workers possesses the largest financial interest of any member of the putative class of which it is aware. Additionally, it meets the requirements of Rule 23(a) of the Federal Rules of Civil Procedure because its claims are typical of the class members' claims and because it will fairly and adequately represent the class.

Further, Iron Workers has selected and retained the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"), a national law firm with extensive experience in prosecuting securities fraud actions, to serve as lead counsel. Iron Workers thus seeks this Court's approval of its selection of Coughlin Stoia as lead counsel, pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

This motion is based upon the instant motion, the memorandum of points and authorities in support thereof, the declaration of Brian O. O'Mara, the pleadings and other files herein, and such other written or oral arguments as may be permitted by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Presently pending in this district is a securities class action lawsuit brought on behalf of persons who purchased or otherwise acquired the common stock of International Game Technology ("IGT" or the "Company") between November 1, 2007 and October 30, 2008, inclusive (the "Class Period").

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23.[1] *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Here, Iron Workers should be appointed lead plaintiff because it: (1) timely filed its motion; (2) to its knowledge, has the largest financial interest in this litigation; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* §III.A., *infra*.

### II. SUMMARY OF THE ACTION

This is a securities fraud class action brought on behalf of purchasers of IGT's common stock during the Class Period, seeking to pursue remedies under the Exchange Act against IGT and certain of its officers and directors. IGT is a global gaming company that specializes in the design, manufacture, and marketing of electronic gaming equipment and network systems, as well as licensing and services, in North America and internationally.

---

[1] In addition, Congress' purpose in enacting the PSLRA was to encourage institutional investors, like Iron Workers, to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business prospects, misrepresenting and/or failing to disclose the following adverse facts:

(a) that defendants had diverted substantial funds to the development of the Company's SB and AVP gaming platforms, which materially compromised the Company's growth prospects and undermined defendants' optimistic statements;

(b) that IGT was unable to develop and market its SB and AVP gaming platforms within the time frame that defendants had represented to investors due to increasingly challenging market conditions and mounting costs;

(c) that defendants' positive representations concerning the Company's shift to non-machine based operations were undermined by a slowdown in the gaming industry, the impact of which defendants minimized; and

(d) that defendants concealed that, as a result of the foregoing, it was not likely that IGT would achieve or exceed its earnings guidance.

As a result of their false and misleading statements, defendants caused IGT to trade at inflated levels above $48.00 per share. As alleged in the complaint, this artificial inflation came out in response to a series of disclosures by IGT. At the end of the Class Period, on October 30, 2008, IGT traded for approximately $12.00 per share.

## III. ARGUMENT

### A. Iron Workers Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in actions arising under the Exchange Act that are brought as a plaintiff class action. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). First, the plaintiff who files the initial action must publish a notice

to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, in connection with the filing of the first-filed action, notice was published on *Business Wire* on July 30, 2009. *See* Declaration of Brian O. O'Mara in Support of Iron Workers District Counsel of Western New York and Vicinity Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel; Memorandum of Points and Authorities in Support Thereof ("O'Mara Decl."), Ex. C. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that within 90 days after publication of the notice courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### 1. Iron Workers Has Timely Moved for Appointment as Lead Plaintiff

The time period in which class a member may move to be appointed lead plaintiff in this case, pursuant to 15 U.S.C. §78u-4(a)(3)(A)-(B), expires September 28, 2009.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Iron Workers has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.  Iron Workers has also duly signed and filed a certification stating its willingness to serve as a representative party on behalf of the class.  *See* O'Mara Decl., Ex. A.  In addition, Iron Workers has selected and retained counsel experienced in the prosecution of securities class actions to represent it and the class.  *See id.*, Ex. D.  Accordingly, Iron Workers satisfies the filing requirements of the PSLRA, and is entitled to have its application for appointment as lead plaintiff considered by the Court.  *See Cavanaugh*, 306 F.3d at 730.

### 2. Iron Workers Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Iron Workers purchased 62,690 shares of IGT common stock, suffered losses of approximately $981,000 in connection therewith, and held all 62,690 shares at the end of the Class Period.  O'Mara Decl., Ex. B.  Upon information and belief, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff with a larger financial interest.  *See Cavanaugh*, 306 F.3d at 732.

### 3. Iron Workers Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous

that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. *See Cavanaugh*, 306 F.3d at 730-32. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See id*.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. *See* Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *Id*. Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See id*. The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

Iron Workers satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) purchased IGT common stock during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, Iron Workers' claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry of

- 6 -

the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Cavanaugh*, 306 F.3d at 732-33.

Here, Iron Workers is an adequate class representative because its interest in aggressively pursuing the claims against defendants are clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market. There is no antagonism between Iron Workers' interests and those of the other members of the class and, as demonstrated below, Iron Workers' proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Further, as an institutional investor, Iron Workers is precisely the type of movant whose participation in securities class actions Congress sought to encourage through the passage of the PSLRA. As the Third Circuit has recognized:

> Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent classmembers.

*In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690). Thus, Iron Workers *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

**B.    Iron Workers' Selection of Lead and Liaison Counsel Should Be Approved**

The PSLRA vests authority in lead plaintiffs to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, the Court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15

- 7 -

U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also* H.R. Conf. Rep. No. 104-369, at 19 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 698.

Here, Iron Workers has selected Coughlin Stoia to serve as lead counsel, subject to this Court's approval. Coughlin Stoia is a 190-lawyer firm that is actively engaged in complex litigation, emphasizing securities, consumer and antitrust class actions. Coughlin Stoia possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Indeed, in approving the lead plaintiff's choice of Coughlin Stoia's lawyers as lead counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood out "in the breadth and depth of its research and insight." *Id*. at 458. Coughlin Stoia's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.

Thus, the Court can be assured that by approving Iron Workers' choice of Coughlin Stoia as lead counsel, the class will receive the highest caliber of representation. *See* O'Mara Decl., Ex. D.

## IV. CONCLUSION

For the foregoing reasons, Iron Workers respectfully requests that this Court appoint it as Lead Plaintiff and approve its selection of Coughlin Stoia as Lead Counsel.

DATED: September 28, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
ARTHUR C. LEAHY
BRIAN O. O'MARA

s/ BRIAN O. O'MARA
BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

THE O'MARA LAW FIRM, P.C.
WILLIAM M. O'MARA
DAVID C. O'MARA
311 East Liberty Street
Reno, NV 89501
Telephone: 775/323-1321
775/323-4082 (fax)

[Proposed] Liaison Counsel

Document1

CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 28, 2009.

s/ BRIAN O. O'MARA
BRIAN O. O'MARA

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: bomara@csgrr.com

# Mailing Information for a Case 3:09-cv-00419-ECR-RAM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brian O. O'Mara**
  bo'mara@csgrr.com,e_file_sd@csgrr.com

- **William M. O'Mara**
  bill@omaralaw.net

- **Jonathan J Whitehead**
  jonathan@jjwhitehead.com,joanna@jjwhitehead.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
David C. O'Mara
```
```
The O'Mara Law Firm, P.C.
311 East Liberty Street
Reno, CA 8599
```

```
Samuel H. Rudman
```
```
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Rd., Ste. 200
Melville, NY 11747
```

```
Joseph F. Russelo
```
```
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
58 South Service Road
Ste 200
Melville, NY 11747
```