UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | 3:09-CV-419-ECR-RAM

MINUTES OF THE COURT

DATE: March 11, 2010 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| INTERNATIONAL GAME TECHNOLOGY, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

PRESENT: _____ EDWARD C. REED, JR. _____                    U. S. DISTRICT JUDGE

Deputy Clerk: __ COLLEEN LARSEN __          Reporter: __ NONE APPEARING __

Counsel for Plaintiff(s) _____ NONE APPEARING _____

Counsel for Defendant(s) _____ NONE APPEARING _____

MINUTE ORDER IN CHAMBERS

     Now pending before the court is Plaintiff's "Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel" (#14).  Defendants have not opposed the motion.

     Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the court is required to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  It appears that Plaintiff has complied with the procedures of designed to inform class members of their right to file a motion for appointment as lead plaintiff.  Id. § 78u-4(a)(3)(A)(i).  No class member other than Plaintiff has sought appointment as lead plaintiff, nor has any class member opposed Plaintiff's motion.  Plaintiff timely moved to be appointed lead, and has the requisite financial interest in the relief sought by the class.  See id. § 78u-4(a)(3)(B)(iii)(I)(aa), (bb). Plaintiff also otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.  See id. § 78u-4(a)(3)(B)(iii)(I)(cc).  Plaintiff is

typical of the class members, because it purchased IGT common stock during
the class period and allegedly suffered damages as a result.  See FED. R.
CIV. P. 23(a)(3).  It appears that Plaintiff would fairly and adequately
protect the interests of the class: there is no indication of any potential
conflict between Plaintiff and other class members, and Plaintiff's chosen
counsel is qualified and experienced.  See FED. R. CIV. P. 23(a)(4).  Thus,
the rebuttable presumption of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) applies.
Because no rebuttal evidence has been presented by any member of the
purported plaintiff class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II),
we conclude that Plaintiff is the most adequate plaintiff to serve as lead
plaintiff.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's "Motion for
Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of
Counsel" (#14) is **GRANTED**: Plaintiff International Brotherhood of
Electrical Workers Local 697 Pension Fund is appointed as lead plaintiff;
Plaintiff's choice of Coughlin Stoia Geller Rudman & Robbins LLP as lead
counsel is approved; Plaintiff's choice of The O'Mara Law Firm, P.C., as
liaison counsel is approved.


LANCE S. WILSON, CLERK

By _____/s/_____
        Deputy Clerk


2