RICHARD G. CAMPBELL, JR., State Bar No. 1832
(rcampbell@armstrongteasdale.com)
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049

BORIS FELDMAN, *pro hac vice*
(boris.feldman@wsgr.com)
DAVID S. STEUER, *pro hac vice*
(dsteuer@wsgr.com)
JACOB VELTMAN, *pro hac vice*
(jveltman@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> INTERNATIONAL GAME TECHNOLOGY, et al., <br><br> Defendants. | CASE NO.: 3:09-cv-00419-ECR-RAM <br><br> CLASS ACTION <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER                                   CASE NO. C09-CV-00419-ECR-RAM

WHEREAS, disclosure and discovery activity in the above-captioned action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Order").

THEREFORE, IT IS HEREBY ORDERED BY THE COURT, that any person subject to this Order, including without limitation, the individuals and entities described herein, shall adhere to the following terms, procedures and conditions:

1. <u>PURPOSES AND LIMITATIONS</u>

This Order shall apply to all materials or information of any kind provided in connection with discovery in this Litigation, including, but not limited to, documents (both paper and electronic), deposition testimony and deposition exhibits, interrogatory answers, responses to requests for admission, discovery responses and disclosures provided pursuant to the Federal Rules of Civil Procedure, pleadings, motions, affidavits, declarations, and transcripts. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

      2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

      2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Litigation who: (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Litigation; (2) is not a present employee of International Gaming Technology; and (3) is not a present employee of the following: Aristocrat Leisure Limited, Aruze Gaming, Bally Technologies, Inc., Konami Corporation, and/or WMS Industries, Inc.

      2.7    <u>House Counsel</u>: attorneys who are employees of a Party to this Litigation. House Counsel does not include Outside Counsel of Record or any other outside counsel.

      2.8    <u>Litigation</u>: the above-captioned action and any appeals thereof only. The term "Litigation" does not include any other related cases or proceedings.

      2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Litigation.

      2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Litigation but are retained to represent or advise a Party to this Litigation and have appeared in this Litigation on behalf of that Party.

      2.11    <u>Party</u>: any party to this Litigation, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

      2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Litigation.

      2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, processing, or retrieving data in any form or medium) and their employees and subcontractors.

   2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

   2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

 3. <u>SCOPE</u>

   The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

 4. <u>DURATION</u>

   Even after final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Litigation, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

 5. <u>DESIGNATING PROTECTED MATERIAL</u>

   5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take

1  care to limit any such designation to specific material that qualifies under the appropriate
2  standards.  To the extent that it is practical to do so, the Designating Party must designate for
3  protection only those parts of material, documents, items, or oral or written communications that
4  qualify,  so that other portions of the material, documents, items, or communications for which
5  protection is not warranted are not swept unjustifiably within the ambit of this Order.

6        Mass, indiscriminate, or routinized designations are prohibited. Designations that
7  are shown to be clearly unjustified or that have been made for an improper purpose (*e.g*., to
8  unnecessarily encumber or retard the case development process or to impose unnecessary
9  expenses and burdens on other parties) expose the Designating Party to sanctions.

10        If it comes to a Designating Party's attention that information or items that it
11  designated for protection do not qualify for protection, that Designating Party must promptly
12  notify all other Parties that it is withdrawing the mistaken designation.

13      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order
14  (*see, e.g*., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
15  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
16  designated before the material is disclosed or produced.

17        Designation in conformity with this Order requires:

18        (a) <u>for information in documentary form</u> (*e.g*., paper or electronic documents, but
19  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party
20  affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a
21  portion or portions of the material on a page qualifies for protection, the Producing Party also must
22  clearly identify the protected portion(s) (*e.g*., by making appropriate markings in the margins), to
23  the extent that it is practical to do so.

24        A Party or Non-Party that makes original documents or materials available for
25  inspection need not designate them for protection until after the inspecting Party has indicated
26  which material it would like copied and produced.  During the inspection and before the
27  designation, all of the material made available for inspection shall be deemed
28  "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and

produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g*., by making appropriate markings in the margins), to the extent that it is practical to do so.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or Non-Party offering or sponsoring the testimony identify all protected testimony, and further specify any portions of the testimony as to which protection is sought, either on the record, before the close of deposition, hearing or other proceeding, or within thirty (30) days after the receipt of the testimony transcript.

The court reporter must affix to the top of each page containing Protected Material the legend "CONFIDENTIAL" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic


burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3  <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation, after considering the justification offered by the Designating Party, may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all Parties and Non-Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Each person who has access to Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Litigation, as well as employees and Professional Vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

f

   (f) during their depositions, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. If a witness refuses to execute a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A), the Parties agree to meet and confer regarding the appropriate protocol for the handling of Confidential Information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

   (g) the author of the document or persons who were listed as recipients on the face of the document containing the information;

   (h) a mediator or arbitrator retained by the Parties to this Litigation or assigned by the court;

   (i) such other persons as may be designated by prior written agreement of Outside Counsel of Record on behalf of the Parties, or by order of the Court; and

   (j) in the event of a joint deposition involving the Parties to this Litigation and parties to any other litigation and subject to paragraph 7.2(i), the parties agree to meet and confer regarding the appropriate protocol for handling Confidential Information.

  7.3 <u>Acknowledgment and Agreement to Be Bound</u>. Each person who is permitted access to Protected Material, excluding the Court and its personnel, shall first be shown a copy of this Order, shall be advised of the obligations imposed by the Order, and shall execute the "Acknowledgment and Agreement to Be Bound" by the Order that is attached hereto as Exhibit A. Outside Counsel of Record shall retain the signed copies of Exhibit A in his or her files during the pendency of this Litigation.

  7.4 <u>Other Litigation or Legal Proceedings</u>. Protected Material shall not be shared with any individual, party, putative class member, expert witness, consultant or counsel in any other legal proceeding or action, including, but not limited to, other legal proceedings involving International Game Technology and/or its current or former officers, directors or employees.

1    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Litigation as "CONFIDENTIAL," the Receiving Party must:

(a)    promptly notify the Designating Party, in writing (by e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Litigation as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Litigation and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce

a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2.    promptly provide the Non-Party with a copy of the Order in this Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3.    make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Inadvertent production or disclosure of documents or information subject to the

1  attorney-client privilege, work product immunity, or any other applicable privilege, immunity or
2  doctrine shall not constitute a waiver of, or a prejudice to, any claim – in this or any other
3  proceeding – that such or related material is privileged or protected by the work product
4  immunity or any other applicable privilege, immunity or doctrine, provided that the Producing
5  Party notifies the Receiving Party in writing within a reasonable time after discovery of such
6  inadvertent production.  Upon receipt of such notice, the Receiving Parties' obligations are those
7  set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to
8  modify whatever procedure may be established in an e-discovery order that provides for
9  production without prior privilege review.

10       12.    MISCELLANEOUS

11           12.1   Right to Further Relief.  Nothing in this Order abridges the right of any
12  person to seek its modification by the Court in the future.

13           12.2   Right to Assert Other Objections.  By stipulating to the entry of this Order,
14  no Party waives any right it otherwise would have to object to disclosing or producing any
15  information or item on any ground not addressed in this Order.  Similarly, no Party waives any
16  right to object on any ground to the use in evidence of any of the material covered by this Order.

17           12.3   Filing Protected Material.  Without
18  a court order secured after appropriate notice to all interested persons, a Party may not file
19  in the public record in this Litigation any Protected Material.  All Protected Material filed with the
20  Court, and all portions of pleadings, motions or other papers filed with the Court that disclose
21  Protected Material, shall be filed under seal with the Clerk of the Court and kept under seal until
22  further order of the Court.  All Protected Material submitted to the Court under seal shall clearly
23  be designated and marked as "UNDER SEAL - CONFIDENTIAL- SUBJECT TO PROTECTIVE
24  ORDER."

25           12.4   Party's Use of Its Own "CONFIDENTIAL" Information or Items.  Nothing
26  in this Order shall prevent a Party from using its own "CONFIDENTIAL" Information or Items in
27  any manner it chooses.

28           12.5   Trial.  Prior to the trial in this matter, the Parties shall confer regarding the

1  submission of a joint proposal to the Court with respect to the treatment of Protected Material at
2  trial.

3        12.6    The Court shall retain jurisdiction over all persons subject to this Order to
4  the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any
5  contempt thereof.

6        13.    <u>FINAL DISPOSITION</u>.  Unless otherwise ordered or agreed in writing by the
7  Producing Party, within sixty (60) days after the final disposition of this Litigation, each
8  Receiving Party must either destroy or return all Protected Material to the Producing Party, and
9  the Receiving Party shall provide a written certification confirming the destruction or return of
10 all Protected Material to the Producing Party.  As used in this subdivision, "all Protected
11 Material" includes all copies, abstracts, compilations, summaries or any other form of
12 reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside
13 Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers,
14 transcripts, legal memoranda, correspondence or attorney work product.  Any such archival
15 copies that contain Protected Material remain subject to this Order as set forth in Section 4
16 (DURATION), above.  The exemption for attorney work product shall not, however, include
17 collections, assemblages or copies of the "CONFIDENTIAL INFORMATION" itself, but is
18 limited to attorney work product referencing, quoting or summarizing such material.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

DATED: May 11, 2011          WILSON SONSINI GOODRICH & ROSATI, P.C.
BORIS FELDMAN, *pro hac vice*
DAVID STEUER, *pro hac vice*
JACOB VELTMAN, *pro hac vice*
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100


By: /s/ Jacob Veltman
         Jacob Veltman

RICHARD G. CAMPBELL, JR.
BRET F. MEICH
ARMSTRONG TEASDALE, LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049

*Attorneys for Defendants*

DATED: May 11, 2011          ROBBINS GELLER RUDMAN & DOWD LLP
DARRIN J. ROBBINS
ARTHUR C. LEAHY
BRIAN O'MARA (Nevada Bar No. 8214)
PHONG L. TRAN
MATTHEW I. ALPERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423


By: /s/ Phong L. Tran
         Phong L. Tran

*Lead Counsel for Plaintiff*

\* \* \*

**ORDER**

IT IS SO ORDERED.

Dated: May 11, 2011.

         The Honorable Robert A. McQuaid, Jr.
         United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order that was issued by the United States District Court for the District of Nevada on [date] in the above-captioned action, *International Brotherhood of Electrical Workers Local 697 Pension Fund v. International Game Technology, et al.*, Case No. 09-cv-00419.  I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this Litigation.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this Litigation or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____

[printed name]

Signature: _____

[signature]

STIPULATED PROTECTIVE ORDER        -14-        CASE NO. C09-CV-00419-ECR-RAM

1     I, Jacob Veltman, am the ECF User whose identification and password are being used to file this STIPULATION AND [PROPOSED] PROTECTIVE ORDER. I hereby attest that Phong L. Tran has concurred in this filing.

By: /s/ Jacob Veltman
      Jacob Veltman

BORIS FELDMAN, admitted *pro hac vice*
DAVID S. STEUER, admitted *pro hac vice*
JACOB VELTMAN, admitted *pro hac vice*
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

RICHARD G. CAMPBELL, JR.
BRET F. MEICH
ARMSTRONG TEASDALE, LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049

STIPULATED PROTECTIVE ORDER     -15-     Case No. C09-cv-00419-ECR-RAM

# CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2011, a true and correct copy of **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit a Notice of Electronic Filing to all registered CM/ECF registrants for this case.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct. Executed at Palo Alto, California on May 11, 2011.

                                                /s/ Jacob T. Veltman
                                                Jacob T. Veltman