UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND, individually and On Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL GAME TECHNOLOGY, INC., THOMAS J. MATTHEWS, PATRICK W. CAVANAUGH and DANIEL R. SICILIANO,<br><br>Defendants. | Case No. 3:09-cv-00419-MMD-WGC<br><br>ORDER |

Before the Court are George May's Motion to Intervene[1] (dkt. no. 147) and Motion for Entry of Default (dkt. no. 163). For the reasons discussed below, both Motions are denied.

**I.    BACKGROUND**

This class action complaint for violations of the federal securities laws against International Game Technology ("IGT") and other Defendants was filed on July 30, 2009. On March 29, 2012, the parties filed their Stipulation of Settlement and applied

---

[1] The full title of this motion is "Motion to Intervene, Motion to Enforce Judgment Lien Against International Game Technology, Inc., Lien Against International Game Technology, Inc., Stock, Motion to Amend, Modify Preliminary Settlement, Objection to the Settlement, under Federal Rule of Civil Procedure 18, 19, 20, 21, 22, 24, Federal Statutes 28 U.S.C. § 2367(a)."

for an order preliminarily approving settlement.  On March 30, 2012, the Court entered an Order Preliminarily Approving Settlement and Providing for Notice and scheduled a hearing on the final approval of settlement for October 4, 2012.  This hearing was subsequently rescheduled to October 19, 2012, to accommodate the Court's trial schedule.

In the meantime, on July 23, 2012, George May moved to intervene.  Plaintiffs and Defendants filed separate oppositions.  (Dkt. nos. 150 & 151.)  George May subsequently moved for entry of default against IGT and other defendants (some of whom are not parties here).  Both Motions are addressed in turn below.

## II.    MOTION TO INTERVENE

George May seeks to intervene, to enforce a judgment against IGT and to object to the settlement.  Mr. May claims that he has obtained a $3.6 billion judgment against IGT and others.  Defendants contend that no such judgment exists and correctly point out that Mr. May's lawsuit against IGT was dismissed and the dismissal was affirmed on appeal.  Defendants also argue that Mr. May does not claim to be a class member and therefore lacks standing to object to the settlement.  Plaintiffs argue that intervention is not proper under either Fed. R. Civ. P. 24(a) (intervention as a matter of right) or 24(b) (permissive intervention).  The Court agrees with Plaintiffs and Defendants.

An applicant seeking to intervene by right under Rule 24(a) must satisfy several factors, including demonstrating that the applicant has "significantly protectable interest relating to the property or transaction that is the subject of the action."  *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).  Rule 24(b)(1)(B) permits a court to allow anyone to intervene who submits a timely motion and "has a claim or defense that shares with the main action a common question of law or fact."  Mr. May has not and cannot satisfy these requirements.  Even assuming Mr. May has a legitimate viable dispute with IGT, his dispute does not relate to the securities claims in this action.  There is simply no relationship between Mr. May's dispute with IGT and Plaintiffs'

///

interests in this case.  Mr. May has no standing to intervene or to object to the settlement.  Accordingly, Mr. May's Motion to Intervene is denied.

### III.     MOTION FOR ENTRY OF DEFAULT

Mr. May seeks an entry of default against IGT and others based on the claim that IGT failed to timely respond to his Intervener Complaint served on July 26, 2012.  The Court can only assume that Mr. May is referring to his Motion to Intervene, not his Complaint, since no such Complaint has been filed or permitted to be filed.  Defendants did respond to the Motion to Intervene.  More importantly, the Court did not grant Mr. May leave to intervene when service on Defendants was purportedly effectuated by fax on July 26, 2012.  Mr. May's Motion for Entry of Default is denied.

### IV.     CONCLUSION

IT IS ORDERED that George May's Motion to Intervene (dkt. no. 147) is DENIED.

IT IS FURTHER ORDERED that George May's Motion for Entry of Default (dkt. no. 163) is DENIED.

DATED THIS 17th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE