# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 697
PENSION FUND, Individually and On Behalf
of All Others Similarly Situated,

                Plaintiff,

    vs.

INTERNATIONAL GAME TECHNOLOGY,
et al.,

                Defendants.

No. 3:09-cv-00419-MMD-WGC

CLASS ACTION

FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated March 30, 2012, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement, dated as of March 28, 2012 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased or otherwise acquired IGT publicly-traded securities during the period between November 1, 2007 and October 30, 2008, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are Defendants; any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by any Defendant; Defendants' officers and directors, including any person who was an officer or director during the Settlement Class Period; Defendants' affiliates, legal representatives, heirs, predecessors, successors or assigns; and members of the Individual Defendants' immediate families. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action, as set forth in Exhibit 1 attached hereto.

- 1 -

4.    With respect to the Settlement Class, this Court finds for the purposes of effectuating this Settlement that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.    Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Plaintiffs and the other Members of the Settlement Class, and as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Plaintiffs and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the

- 2 -

681790_3

Plaintiffs, Settlement Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7.     Upon the Effective Date, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form. The Settling Parties acknowledge and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

8.     Upon the Effective Date, the Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

9.     Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiffs, Settlement Class Members, and their counsel, employees, successors, and assigns, from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

- 3 -

Case 3:09-cv-00419-MMD-WGC   Document 181   Filed 10/22/12   Page 5 of 58

10.    The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

11.    Any Plan of Allocation submitted by Lead Counsel or any Fee and Expense Award shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and their Related Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of

- 4 -

the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation.

14.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: October 22, 2012

THE HONORABLE MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

- 5 -

681790_3

Submitted by:

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR C. LEAHY
JEFFREY D. LIGHT
BRIAN O. O'MARA
MATTHEW I. ALPERT
PHONG L. TRAN


                    s/ Brian O. O'Mara
———————————————————————————
                   BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

THE O'MARA LAW FIRM, P.C.
WILLIAM M. O'MARA
DAVID C. O'MARA
311 East Liberty Street
Reno, NV  89501
Telephone:  775/323-1321
775/323-4082 (fax)

Liaison Counsel

681790_3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 21, 2012.

s/ BRIAN O. O'MARA
BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: BOmara@rgrdlaw.com

# EXHIBIT 1

# EXHIBIT 1



*IGT-
EXCL00001*

RECEIVED *EC*

MAY 1 8 2012

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  International Gaming Technology

Case Code:  IGT

Exclusion Deadline:  9/14/2012 (Postmark Date)

Name of Person Filing Exclusion:  Kathleen A. McDonald

Kathleen A. McDonald

May 14, 2012

IGT Securities Litigation
Claims Administrator
c/o Gilardi & Co., LLC
P. O. Box 5100
Larkspur, CA 94977-5100

Gentlemen:

Re: International Brotherhood of Electrical Workers Local 697 Pension Fund
v. International Game Technology et al
No. 3.09-cv-00419 ECR-WGC

In regard to the above class action suit, I wish to be excluded from the settlement. I have been unable to find the record of purchase. However, I do have record of the sale of the stock. The trade date was 7-17-2008 for 61 shares at a price of 22.10000. This is a very small amount of stock and my return as a result of the suit would have been negligible in any case.

Sincerely,

*Kathleen A. McDonald*

Kathleen A. McDonald
Tel:





IGT Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

IGT



RECEIVED *EC*

MAY 2 3 2012

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  International Gaming Technology

Case Code:  IGT

Exclusion Deadline:  9/14/2012 (Postmark Date)

Name of Person Filing Exclusion:  Herbert C. Wickshom

I want to be excluded from
international brotherhood of electrical
workers local 697 pension fund v
international game technology, et al.
NO 3:09-CV- 00419-ECR-WGC.

Herbert C Wickham


Herbert C Wickham

bought 200 shares of IGT on
6/11/08

SAINT LOUIS MO 630

23 MAY 2012

Herbert C Wichman

RECEIVED
MAY 23 2012
CLAIMS CENTER

IGT Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

IGT



*IGT-EXCL00003*

RECEIVED EC

MAY 3 1 2012

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  International Gaming Technology

Case Code:  IGT

Exclusion Deadline:  9/14/2012 (Postmark Date)

Name of Person Filing Exclusion:  Clay R. Wheeler
Betty L. Wheeler

May 28, 2012

IGT Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

Re:   Class Action No. 3:09-cv-00419-ECR-WGC

Dear Sir or Madam:

We wish to be excluded from the International Brotherhood of
Electrical Workers Local 697 Pension Fund v. International Game
Technology, et al. Class Action No. 3:09-cav-00419-ECR-WGC.

This is for Clay R. Wheeler & Betty L Wheeler,
                              Telephone

We purchased 100 shares International Game Technology:IGT on
12/27/06 and sold them on 12/03/07.

We trust this is all the information you need to exclude us
from this lawsuit.

Sincerely,

_Clay R. Wheeler_
Clay R. Wheeler, S.S

_Betty L. Wheeler_
Betty L. Wheeler, S.S.

Encl.

**Official Office Use Only**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA-RENO

*International Brotherhood of Electrical Workers*
*Local 697 Pension Fund v. International Game*
*Technology, et al.*

No. 3:09-cv-00419-ECR-WGC

PROOF OF CLAIM AND RELEASE

Please Type or Print in the Boxes Below
Do NOT use Red Ink, Pencil, or Staples

**Must Be Postmarked No Later Than August 6, 2012**

**IGT**

---

**PART I: CLAIMANT IDENTIFICATION**

Last Name: `W h e e l l e r`   M.I. `R`   First Name: `C L a y`

Last Name (Co-Beneficial Owner): `W h e e l e r`   `L`   First Name (Co-Beneficial Owner): `B e T T y`

○ IRA   ● Joint Tenancy   ○ Employee   ○ Individual   ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number          or   Taxpayer Identification Number

Telephone Number (Work)        Telephone Number (Home)

Email Address

---

**MAILING INFORMATION**

Address

Address

City                State    Zip Code

Foreign Province        Foreign Postal Code        Foreign Country Name/Abbreviation

---

| For Claims Processing Only | | OB | | CS | | ○ ATP ○ KS | ○ BE ○ OR ○ EM | ○ FL ○ ME ○ ND | ○ OF ○ BS ○ EN | ／ ／ | For Claims Processing Only |

3

## PART II.  SCHEDULE OF TRANSACTIONS IN IGT SECURITIES
### IGT COMMON STOCK

**A.  Number of shares of IGT common stock held at the close of trading on October 31, 2007:**

Proof Enclosed?
`| | | | | |1|0|0|`  ● Y  ○ N

**B.  Purchases or acquisitions of IGT common stock (November 1, 2007 – October 30, 2008, inclusive):**

PURCHASES

| | Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | $ | |
| 1. | 1 2 / 2 7 / 2 0 0 6 | 1 0 0 | 4 6 7 2 . 00 | ○ Y ○ N |
| 2. | / / | | . 00 | ○ Y ○ N |
| 3. | / / | | . 00 | ○ Y ○ N |
| 4. | / / | | . 00 | ○ Y ○ N |

**IMPORTANT: (I)** If any purchase listed covered a "short sale", please mark Yes: ○ Yes
**(II)** If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y     Merger Shares: `| | | | | | |`     Company: _____

**C.  Number of shares of IGT common stock purchased or acquired between October 31, 2008 and January 28, 2009, inclusive:**

Proof Enclosed?
`| | | | | | |0|`  ○ Y  ○ N

**D.  Sales of IGT common stock (November 1, 2007 – January 28, 2009, inclusive):**

SALES

| | Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sale Enclosed? |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | $ | |
| 1. | 1 2 / 0 3 / 2 0 0 7 | 1 0 0 | 4 3 7 5 . 00 | ○ Y ○ N |
| 2. | / / | | . 00 | ○ Y ○ N |
| 3. | / / | | . 00 | ○ Y ○ N |
| 4. | / / | | . 00 | ○ Y ○ N |

**E.  Number of shares of IGT common stock held at the close of trading on January 28, 2009:**

Proof Enclosed?
`| | | | | | |0|`  ○ Y  ○ N



*If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.*
**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

4

PART II.  SCHEDULE OF TRANSACTIONS IN IGT SECURITIES (CONTINUED)

### IGT OPTIONS

### PURCHASES/REPURCHASES

F.  I made the following purchase/repurchase of options on IGT common stock during the period from November 1, 2007 through October 30, 2008, inclusive:

| Option Type | Date(s) of transaction (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Proof of transaction Enclosed? |
|---|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |

### SALES/WRITTEN

G.  I made the following sales/written options on IGT common stock during the period from November 1, 2007 through October 30, 2008, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Proof of transaction Enclosed? |
|---|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |

*If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.*
**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8.  FAILURE TO SIGN THE RELEASE**
**MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



5

**PART II. SCHEDULE OF TRANSACTIONS IN IGT SECURITIES (CONTINUED)**
**IGT 2.6% NOTES**

Proof Enclosed?

H. Number of IGT 2.6% Notes held at the close of
trading on October 31, 2007:

$\bigcirc$ Y
$\bigcirc$ N

I. Purchases of IGT 2.6% Notes (November 1, 2007 – October 30, 2008, Inclusive):

| PURCHASES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Face Value of Shares Purchased | Total Purchase Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* $ . 00 | Proof of Purchase Enclosed? |
| 1. | | $ . 00 | $\bigcirc$ Y $\bigcirc$ N |
| 2. | | $ . 00 | $\bigcirc$ Y $\bigcirc$ N |
| 3. | | $ . 00 | $\bigcirc$ Y $\bigcirc$ N |
| 4. | | $ . 00 | $\bigcirc$ Y $\bigcirc$ N |
| 5. | | $ . 00 | $\bigcirc$ Y $\bigcirc$ N |
| 6. | | $ . 00 | $\bigcirc$ Y $\bigcirc$ N |

J. Sales of IGT 2.6% Notes (November 1, 2007 – October 30, 2008, Inclusive):

| SALES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Face Value of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* $ . 00 | Proof of Sale Enclosed? |
| 1. | | $ . 00 | $\bigcirc$ Y $\bigcirc$ N |
| 2. | | $ . 00 | $\bigcirc$ Y $\bigcirc$ N |
| 3. | | $ . 00 | $\bigcirc$ Y $\bigcirc$ N |
| 4. | | $ . 00 | $\bigcirc$ Y $\bigcirc$ N |
| 5. | | $ . 00 | $\bigcirc$ Y $\bigcirc$ N |
| 6. | | $ . 00 | $\bigcirc$ Y $\bigcirc$ N |

K. Number of IGT 2.6% Notes held at the close of
trading on October 30, 2008:

Proof Enclosed?

$\bigcirc$ Y
$\bigcirc$ N

*If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.*
YOU MUST READ AND SIGN THE RELEASE ON PAGE 8.  FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.



ATTACHMENT FOR SCHEDULE D, CAPITAL GAINS & LOSSES, FORM 1040
Clay R. & Betty L. Wheeler, Social Security Number

SCHEDULE OF REALIZED GAINS AND LOSSES
FOR THE PERIOD FROM 1/1/07 THRU 12/31/07

**Short-Term**

| | Quantity/Par | Acquired/ Opened | Sold/ Closed | Total Proceeds | Cost Basis | Realized Gain or (Loss) |
|---|---|---|---|---|---|---|
| A E S CORP: AES | 100.0000 | 11/21/06 | 07/23/07 | $2,296.85 | $2,301.32 | ($4.47) |
| A E S CORP: AES | 200.0000 | 11/21/06 | 07/23/07 | $4,593.69 | $4,602.63 | ($8.94) |
| ALLEGHENY ENERGY INC: AYE | 100.0000 | 04/27/06 | 07/23/07 | $5,287.96 | $5,314.95 | ($26.99) |
| BELDEN CDT INC: BDC | 200.0000 | 11/27/06 | 03/27/07 | $10,899.88 | $7,901.85 | $2,998.03 |
| FOSTER WHEELER NEW ORD F: FWLT | 50.0000 | 07/30/07 | 11/09/07 | $7,627.43 | $5,584.45 | $2,042.98 |
| HOUSTON WIRE & CABLE CO: HWCC | 200.0000 | 11/27/06 | 05/15/07 | $4,967.97 | $4,716.75 | $251.22 |
| INTL GAME TECHNOLOGY: IGT | 100.0000 | 12/27/06 | 12/03/07 | $4,374.98 | $4,671.90 | ($296.92) |
| MIRANT CORP: MIR | 100.0000 | 08/05/07 | 12/10/07 | $3,954.98 | $4,696.95 | ($741.97) |

**Long-Term**

| | Quantity/Par | Acquired/ Opened | Sold/ Closed | Total Proceeds | Cost Basis | Realized Gain or (Loss) |
|---|---|---|---|---|---|---|
| EZCORP INC CL A NON VTG: EZPW | 28.0000 | 11/27/06 | 12/07/07 | $330.86 | $420.00 | ($89.14) |
| EZCORP INC CL A NON VTG: EZPW | 72.0000 | 11/27/06 | 12/07/07 | $850.80 | $1,079.99 | ($229.19) |
| EZCORP INC CL A NON VTG: EZPW | 200.0000 | 11/27/06 | 12/07/07 | $2,364.53 | $2,999.96 | ($635.43) |



PORTLAND OR 970

29 APR 2012 PM 6 T

Maletski Wheeler

RECEIVED. JP

MAY 3 · 2012

CLAIMS CENTER

IGT Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

IGT



*IGT-EXCL00004*

RECEIVED EC

JUN 0 5 2012

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  International Gaming Technology

Case Code:  IGT

Exclusion Deadline:  9/14/2012 (Postmark Date)

Name of Person Filing Exclusion:  Walter Thorwald Skallerup III

# REQUEST FOR EXCLUSION
### 30 May, 2012

To: IGT Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

Re: International Game Technolgies, Inc. litigation notice of class action with 'request for exclusion' deadline 14 September, 2012; and in regard to any and all other class action suit(s) which either are, or will be engaged in by Gilardi & Co.

The addressee of your notice:

**Walter Thorwald Skallerup III**

Herewith requests exclusion from the class action mentioned or from any and all other class action(s) and denies that any litigation engaged in by your law firm at any time or in any respect has amended, suspended, restricted or otherwise detracted from the full measure of civil and legal rights ascribed to citizens of the United States at this time, including, but not limited to those involving freedom of association, the rights to privacy and commerce and the redress of grievances.

Signed: _____
Walter Thorwald Skallerup III



Walter T. Sizakeup 3rd

RECEIVED
JUN -4 2012
CLAIM CENTER

7011 0470 0003 1692 8150

Re: IGT Litigation

Claims Administrator
Gilardi & Co.
P.o. Box 5100
Larkspur, CA
94977 - 5100

9457751000000



RECEIVED EC

JUN 0 7 2012

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  International Gaming Technology

Case Code:  IGT

Exclusion Deadline:  9/14/2012 (Postmark Date)

Name of Person Filing Exclusion:  N . Rhys Merrett

May 29, 2012

*IGT Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

Exclude me from *International Brotherhood of Electrical Workers Local 697 Pension Fund v. International Game Technology, et a.l*, No. 3:09-cv-00419-ECR-WGC. I do not have available any information regarding shares of IGT common stock, 2.6% notes, or options that may have been purchased.

N. Rhys Merrett

USA FIRST-CLASS FOREVER

SEATTLE WAA 980

30 MAY 2012 PM4 L

RECEIVED

JUN - 7 2012

CLAIMS CENTER

IGT Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

94977+5100



RECEIVED EC

JUN 1 1 2012

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  International Gaming Technology

Case Code:  IGT

Exclusion Deadline: 9/14/2012 (Postmark Date)

Name of Person Filing Exclusion:  Lee Fouche

May 29, 2012

Dear Sirs,

I want to be excluded from 'International Brotherhood of Electrical Workers Local 697 Pension Fund v. International Game Technology, et.al., No. 3:09-cv-00419-ECR-WGC.

I purchased twenty-seven shares of common stock on November 11, 2004; the foregoing, I believe, already excludes me from this settlement.

My address is:                                        The telephone number is:

Lee Fouché

Fauchi

RECEIVED
JUN 18 2012
CLAIM CENTER

IGT Securities Litigation
Claims Administrator
c/o Gilardi & Co., LLC
P.O. Box 5100
Larkspur, CA 94977-5100

IGT



*IGT-
EXCL00007*

RECEIVED EC

JUN 1 2 2012

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  International Gaming Technology

Case Code:  IGT

Exclusion Deadline:  9/14/2012 (Postmark Date)

Name of Person Filing Exclusion:  Lucille C. Bartelt, for Adolph
and Leona Becker
Irrevocable Trust

June 6, 2012


IGT Securities Litigation
Claims Administrator
% Gilardi & Co. LLC
P O Box 5100
Larkspur, CA 94977-5100


Re:  International Brotherhood of Electrical Workers Local 697 Pension Fund v. International
Game Technology, et al., No. 3:09-cv-004419-ECR-WGC


We wish to be excluded from the Settlement Case of the above because the Adolph and Leona
Becker Irrevocable Trust has been dissolved and no longer have any stocks, etc open.

Signed:        *Lucille C Bartelt*
               Lucille C. Bartelt, for  Adolph and Leona Becker
               Irrevocable Trust



IGT Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED
JUN 1 2 2012
CLAIM CENTER

IGT



RECEIVED *EC*

JUL 0 2 2012

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  International Gaming Technology

Case Code:  IGT

Exclusion Deadline:  9/14/2012 (Postmark Date)

Name of Person Filing Exclusion:  Andrew Peralta

Andrew Peralta


I wish to be excluded from
International Brotherhood of Electrical Workers Local 697
Pension Fund v. International Game Technology, et al., No.
3:09-cv-00419-ECR-WGC

I purchased 7.1754 Shares on 10/21/2008

*C. Peralta   6/28/2012*

L.O. Peralta

SANTA BARBARA
CA 931 ZI
29 JUN 2012 PM

RECEIVED
JUL - 2 2012
CLAIMS CENTER

IGT Securities Litigation
Claims Administrator
% Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

9497745100



RECEIVED *EC*

SEP 2 7 2012

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  International Gaming Technology

Case Code:  IGT

Exclusion Deadline:  9/14/2012 (Postmark Date)

Name of Person Filing Exclusion:  Thomas P. Allen

UNITED STATES DISTRICT COURT
**DISTRICT OF NEVADA-RENO**

*International Brotherhood of Electrical Workers*
*Local 697 Pension Fund v. International Game*
*Technology, et al.*

No. 3:09-cv-00419-ECR-WGC

PROOF OF CLAIM AND RELEASE

**Please Type or Print in the Boxes Below**
Do **NOT** use Red Ink, Pencil, or Staples

**Must Be Postmarked
No Later Than
August 6, 2012**

**IGT**

— **PART I: CLAIMANT IDENTIFICATION** —

Last Name
`A l l e n`

M.I.

First Name
`T o m`

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

○ IRA          ○ Joint Tenancy          ○ Employee          ○ Individual          ○ Other_____
(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number
☐☐☐ — ☐☐ — ☐☐☐☐

or

Taxpayer Identification Number
☐☐ — ☐☐☐☐☐☐☐

Telephone Number (Work)
☐☐☐ — ☐☐☐ — ☐☐☐☐

Telephone Number (Home)
☐☐☐ — ☐☐☐ — ☐☐☐☐

Email Address

— **MAILING INFORMATION** —

Address
████████████████████

Address

City ██████████

State

Zip Code ██████

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

For Claims Processing Only
○ ATP
○ KS
○ BK
○ DR
○ EM
○ FL
○ MS
○ ND
○ OF
○ RB
○ SH
M M / D D / Y Y Y Y

For Claims Processing Only

3

## PART II.  SCHEDULE OF TRANSACTIONS IN IGT SECURITIES

### IGT COMMON STOCK

Proof Enclosed

**A.** Number of shares of IGT common stock held at the close of trading on October 31, 2007:

◯ Y
◯ N

**B.** Purchases or acquisitions of IGT common stock (November 1, 2007 – October 30, 2008, inclusive):

┌─ PURCHASES ─────────────────────────────────────────────────

| Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof Purchase Enclose |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. ⬜⬜/⬜⬜/⬜⬜⬜⬜ | ⬜⬜⬜⬜⬜⬜⬜ | $ ⬜⬜⬜⬜⬜⬜⬜.00 | ◯◯ |
| 2. ⬜⬜/⬜⬜/⬜⬜⬜⬜ | ⬜⬜⬜⬜⬜⬜⬜ | $ ⬜⬜⬜⬜⬜⬜⬜.00 | ◯◯ |
| 3. ⬜⬜/⬜⬜/⬜⬜⬜⬜ | ⬜⬜⬜⬜⬜⬜⬜ | $ ⬜⬜⬜⬜⬜⬜⬜.00 | ◯◯ |
| 4. ⬜⬜/⬜⬜/⬜⬜⬜⬜ | ⬜⬜⬜⬜⬜⬜⬜ | $ ⬜⬜⬜⬜⬜⬜⬜.00 | ◯◯ |

**IMPORTANT:** (i) If any purchase listed covered a "short sale", please mark Yes: ◯ Yes
(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y          Merger Shares:          Company:
⬜⬜/⬜⬜/⬜⬜⬜⬜          ⬜⬜⬜⬜⬜⬜⬜          _____

Proof Enclosed

**C.** Number of shares of IGT common stock purchased or acquired between October 31, 2008 and January 28, 2009, inclusive:

◯ Y
◯ N

**D.** Sales of IGT common stock (November 1, 2007 – January 28, 2009, inclusive):

┌─ SALES ─────────────────────────────────────────────────

| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof Sale Enclose |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. ⬜⬜/⬜⬜/⬜⬜⬜⬜ | ⬜⬜⬜⬜⬜⬜⬜ | $ ⬜⬜⬜⬜⬜⬜⬜.00 | ◯◯ |
| 2. ⬜⬜/⬜⬜/⬜⬜⬜⬜ | ⬜⬜⬜⬜⬜⬜⬜ | $ ⬜⬜⬜⬜⬜⬜⬜.00 | ◯◯ |
| 3. ⬜⬜/⬜⬜/⬜⬜⬜⬜ | ⬜⬜⬜⬜⬜⬜⬜ | $ ⬜⬜⬜⬜⬜⬜⬜.00 | ◯◯ |
| 4. ⬜⬜/⬜⬜/⬜⬜⬜⬜ | ⬜⬜⬜⬜⬜⬜⬜ | $ ⬜⬜⬜⬜⬜⬜⬜.00 | ◯◯ |

Proof Enclosed

**E.** Number of shares of IGT common stock held at the close of trading on January 28, 2009:

◯ Y
◯ N

*If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.*
**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

TERNATIONAL BROTHERHOOD OF ELECTRICAL )    No. 3:09-cv-00419-ECR-WGC
ORKERS LOCAL 697 PENSION FUND, Individually and On )
half of All Others Similarly Situated,  )
)    CLASS ACTION
)
Plaintiff, )
)
)
vs. )
)
TERNATIONAL GAME TECHNOLOGY, et al.,  )
)
)
Defendants. )
)
)

## PROOF OF CLAIM AND RELEASE

### I.  GENERAL INSTRUCTIONS

1.  To recover as a Member of the Settlement Class based on your claims in the action entitled *International Brotherhood of ctrical Workers Local 697 Pension Fund v. International Game Technology, et al.*, No. 3:09-cv-00419-ECR-WGC (the "Litigation"), u must complete and, on page 8 hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to file a properly dressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any overy from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.  Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.  YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE AUGUST 6, 12, ADDRESSED AS FOLLOWS:

IGT Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

ou are NOT a Member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action otice"), DO NOT submit a Proof of Claim.

4.  If you are a Member of the Settlement Class, you are bound by the terms of any judgment entered in the Litigation, HETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

### II.  DEFINITIONS

1.  "Defendants" means IGT and the Individual Defendants, as defined below.

2.  "Individual Defendants" means Thomas J. Matthews and Patrick W. Cavanaugh.

3.  "Released Parties" means each and all of the Defendants and each and all of their Related Parties.

### III.  CLAIMANT IDENTIFICATION

1.  If you purchased or otherwise acquired IGT publicly-traded securities and held the certificate(s) in your name, you are the neficial owner as well as the record holder.  If, however, the certificate(s) were registered in the name of a third party, such as a okerage firm or other nominee, you are the beneficial owner and the third party is the record holder.

2.  Use Part I of this form entitled "Claimant Identification" to identify each holder of record ("nominee"), if different from the neficial owner of IGT securities that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL WNER(S), OR A PERSON AUTHORIZED TO ACT ON BEHALF OF SUCH OWNER(S) OF THE IGT SECURITIES UPON WHICH IS CLAIM IS BASED.

3.  All joint owners (or a Person authorized to act on the owner's behalf) must sign this claim.  Executors, administrators, ardians, conservators, trustees, or others authorized to act on behalf of a beneficial owner, must complete and sign this claim on half of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. e Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the im.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.



1

## IV.  CLAIM FORM

1.  Use Part II of this form entitled "Schedule of Transactions in IGT Securities" to supply all required details of your transactio in IGT securities.  If you need more space or additional schedules, attach separate sheets giving all of the required informati substantially the same form.  Sign and print or type your name on each additional sheet.

2.  On the schedules, provide all of the requested information with respect to all of your purchases or acquisitions and your sales of IGT securities that took place at any time between November 1, 2007 and October 30, 2008, inclusive (the "Settle Class Period"), and any sales between October 31, 2008 and January 28, 2009, whether such transactions resulted in a profit loss.  Failure to report all such transactions may result in the rejection of your claim.

3.  List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning wit earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.  The date of covering a "short sale" is deemed to be the date of purchase of IGT securities.  The date of a "short sa deemed to be the date of the sale of IGT securities.

5.  Broker confirmations or other documentation of your transactions in IGT publicly-traded securities should be attache your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

6.  The above requests are designed to provide the minimum amount of information necessary to process the most si claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your los In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settle Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of addit information and/or the hiring of an accounting expert at the claimant's cost.

7.  NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually si paper Proof of Claim form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you contact the Claims Administrator at 1-866-266-4210 or visit their website at www.gilardi.com to obtain the required file layout electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a w acknowledgment of receipt and acceptance of electronically submitted data.



## V.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement, dated as of March 28, 2012 ("Stipulation"), described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Nevada, with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases or sales of IGT securities during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

## VI.  RELEASE

1.   I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge, all of the Released Claims against each and all of the Defendants and each and all of their "Related Parties" defined as each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, underwriters, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest (directly or indirectly).

2.   "Released Claims" shall collectively mean all claims (including Unknown Claims as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, asserted or that could have been asserted by the Plaintiffs or any Settlement Class Member against the Defendants and their Related Parties based upon or arising out of both (a) the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or could have been alleged in this Litigation and (b) the purchase or acquisition of IGT securities by the Plaintiffs or any Settlement Class Member during the Settlement Class Period.  Released Claims do not include claims under the Employee Retirement Income Security Act of 1975 set forth in the complaint in the consolidated action *Carr v. International Game Technology*, Case No. 3:09-cv-00584 (D. Nev.) and *Jordan v. International Game Technology*, Case No. 3:09-cv-00585 (D. Nev.).  Released Claims also do not include the claims asserted derivatively on behalf of IGT in the following actions: *Israni v. Mittman*, 3:09-cv-00536 (D. Nev.), consolidated in Base Case 3:09-cv-00467); *Sprando v. Hart*, 3:10-cv-00415 (D. Nev.); *Arduini v. Hart*, 3:11-cv-00255 (D. Nev.); *Kurz v. Hart*, No. 09-02982 (2d Jud. Dist. Nev. Washoe County) and *Gusinsky v. Matthews*, No. CV12-00494 (2d Jud. Dist. Nev. Washoe County).

3.   "Unknown Claims" means collectively any Released Claims that the Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement and release with and release of the Released Parties, or might have affected his, her or its decision to object to or opt out of this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Plaintiffs or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which was negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

4.   This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5.   I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.   I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in IGT securities occurred during the Settlement Class Period as well as the number of shares of IGT common stock held by me (us) at the close of trading on October 31, 2007 and at the close of trading on January 28, 2009, and the number of IGT 2.6% Notes held by me (us) at the close of trading on October 31, 2007 and at the close of trading on October 30, 2008.

7.   I (We) hereby warrant and represent that I am (we are) not excluded from the Settlement Class, as defined in the Notice.



7

I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE FOREGOING INFORMATION SUPPLIED ON THIS PROOF OF CLAIM AND RELEASE FORM BY THE UNDERSIGNED IS TRUE AND CORRECT.

Executed this _____ day of _____ in _____
                                    (Month/Year)                              (City/State/Country)

_____          _____
(Sign your name here)                                   (Sign your name here)

_____          _____
(Type or print your name here)                      (Type or print your name here)

_____          _____
(Capacity of person(s) signing, e.g.,                (Capacity of person(s) signing, e.g.,
Beneficial Owner, Executor or Administrator)      Beneficial Owner, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your claim form and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

6. If you move, please send the Claims Administrator your new address.



## PART II.  SCHEDULE OF TRANSACTIONS IN IGT SECURITIES (CONTINUED)
### IGT OPTIONS

### PURCHASES/REPURCHASES

I made the following purchase/repurchase of options on IGT common stock during the period from November 1, 2007 through October 30, 2008, inclusive:

| ion Type | Date(s) of transaction (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Proof of transaction Enclosed? |
|---|---|---|---|---|---|---|---|
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |

### SALES/WRITTEN

I made the following sales/written options on IGT common stock during the period from November 1, 2007 through October 30, 2008, inclusive:

| ion Type | Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Proof of transaction Enclosed? |
|---|---|---|---|---|---|---|---|
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |
| ◯ Put ◯ Call | | | | | | | ◯ Y ◯ N |

*If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.*
YOU MUST READ AND SIGN THE RELEASE ON PAGE 8.  FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

## PART II. SCHEDULE OF TRANSACTIONS IN IGT SECURITIES (CONTINUED)
### IGT 2.6% NOTES

Proof Enclose

**H. Number of IGT 2.6% Notes held at the close of trading on October 31, 2007:**

○ Y
○ N

**I. Purchases of IGT 2.6% Notes (November 1, 2007 – October 30, 2008, inclusive):**

| PURCHASES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Face Value of Shares Purchased | Total Purchase Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof Purcha Enclos |
| M M / D D / Y Y Y Y | | | |
| 1. ___ / ___ / ___ | ___ | $ ___ . 0 0 | ○ ○ |
| 2. ___ / ___ / ___ | ___ | $ ___ . 0 0 | ○ ○ |
| 3. ___ / ___ / ___ | ___ | $ ___ . 0 0 | ○ ○ |
| 4. ___ / ___ / ___ | ___ | $ ___ . 0 0 | ○ ○ |
| 5. ___ / ___ / ___ | ___ | $ ___ . 0 0 | ○ ○ |
| 6. ___ / ___ / ___ | ___ | $ ___ . 0 0 | ○ ○ |

**J. Sales of IGT 2.6% Notes (November 1, 2007 – October 30, 2008, inclusive):**

| SALES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Face Value of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof Sal Enclos |
| M M / D D / Y Y Y Y | | | |
| 1. ___ / ___ / ___ | ___ | $ ___ . 0 0 | ○ ○ |
| 2. ___ / ___ / ___ | ___ | $ ___ . 0 0 | ○ ○ |
| 3. ___ / ___ / ___ | ___ | $ ___ . 0 0 | ○ ○ |
| 4. ___ / ___ / ___ | ___ | $ ___ . 0 0 | ○ ○ |
| 5. ___ / ___ / ___ | ___ | $ ___ . 0 0 | ○ ○ |
| 6. ___ / ___ / ___ | ___ | $ ___ . 0 0 | ○ ○ |

Proof Enclosed

**K. Number of IGT 2.6% Notes held at the close of trading on October 30, 2008:**

○ Y
○ N

*If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.*
**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**





Equality
FOREVER

22 SEP 2002 PM 2

RECEIVED *EC*

SEP 2 7 2012

CLAIMS CENTER

*IGT Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

IGT



RECEIVED EC

SEP 2 8 2012

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  International Gaming Technology

Case Code:  IGT

Exclusion Deadline:  9/14/2012 (Postmark Date)

Name of Person Filing Exclusion:  Thomas L. Kemp
                                   Tom Kemp
                                   Ben Kemp
                                   Beverly J. Kemp

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

INTERNATIONAL BROTHERHOOD OF ELECTRICAL )    No. 3:09-cv-00419-ECR-WGC
WORKERS LOCAL 697 PENSION FUND, Individually and On )
Behalf of All Others Similarly Situated,           )
                                                   )    CLASS ACTION
                              Plaintiff,           )
                                                   )
        vs.                                        )
                                                   )
INTERNATIONAL GAME TECHNOLOGY, et al.,             )
                                                   )
                              Defendants.          )
                                                   )

## PROOF OF CLAIM AND RELEASE

### I.  GENERAL INSTRUCTIONS

1.  To recover as a Member of the Settlement Class based on your claims in the action entitled *International Brotherhood of Electrical Workers Local 697 Pension Fund v. International Game Technology, et al.*, No. 3:09-cv-00419-ECR-WGC (the "Litigation"), you must complete and, on page 8 hereof, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.  Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.  YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE AUGUST 6, 2012, ADDRESSED AS FOLLOWS:

*IGT Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

If you are NOT a Member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.  If you are a Member of the Settlement Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

### II.  DEFINITIONS

~~1.  "Defendants" means IGT and the Individual Defendants, as defined below.~~

2.  "Individual Defendants" means Thomas J. Matthews and Patrick W. Cavanaugh.

3.  "Released Parties" means each and all of the Defendants and each and all of their Related Parties.

### III.  CLAIMANT IDENTIFICATION

1.  If you purchased or otherwise acquired IGT publicly-traded securities and held the certificate(s) in your name, you are the beneficial owner as well as the record holder. If, however, the certificate(s) were registered in the name of a third party, such as a brokerage firm or other nominee, you are the beneficial owner and the third party is the record holder.

2.  Use Part I of this form entitled "Claimant Identification" to identify each holder of record ("nominee"), if different from the beneficial owner of IGT securities that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR A PERSON AUTHORIZED TO ACT ON BEHALF OF SUCH OWNER(S) OF THE IGT SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.  All joint owners (or a Person authorized to act on the owner's behalf) must sign this claim. Executors, administrators, guardians, conservators, trustees, or others authorized to act on behalf of a beneficial owner, must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.



1

## IV. CLAIM FORM

1. Use Part II of this form entitled "Schedule of Transactions in IGT Securities" to supply all required details of your transaction in IGT securities. If you need more space or additional schedules, attach separate sheets giving all of the required information substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to all of your purchases or acquisitions and all your sales of IGT securities that took place at any time between November 1, 2007 and October 30, 2008, inclusive (the "Settlement Class Period"), and any sales between October 31, 2008 and January 28, 2009, whether such transactions resulted in a profit or loss. Failure to report all such transactions may result in the rejection of your claim.

3. List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4. The date of covering a "short sale" is deemed to be the date of purchase of IGT securities. The date of a "short sale" deemed to be the date of the sale of IGT securities.

5. Broker confirmations or other documentation of your transactions in IGT publicly-traded securities should be attached your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

6. The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your loss. In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the claimant's cost.

7. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim form whether or not they also submit electronic copies. If you wish to file your claim electronically, you may contact the Claims Administrator at 1-866-266-4210 or visit their website at www.gilardi.com to obtain the required file layout. electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

Official
Office
Use
Only

DISTRICT OF NEVADA-RENO

*International Brotherhood of Electrical Workers
Local 697 Pension Fund v. International Game
Technology, et al.*

No. 3:09-cv-00419-ECR-WGC

PROOF OF CLAIM AND RELEASE

**Please Type or Print in the Boxes Below**
Do **NOT** use Red Ink, Pencil, or Staples

**Must Be Postmarked
No Later Than
August 6, 2012**

# IGT

## PART I: CLAIMANT IDENTIFICATION

Last Name

M.I.

First Name

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

○ IRA   ○ Joint Tenancy   ○ Employee   ○ Individual   ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number

or

Taxpayer Identification Number

Telephone Number (Work)

Telephone Number (Home)

Email Address

## MAILING INFORMATION

Address

Address

City

State

Zip Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| For Claims Processing Only | CB | | CB | | ○ ATP ○ IC8 | ○ BS ○ DR ○ IM | ○ FL ○ MS ○ NO | ○ QP ○ RB ○ SM | | M M / D D / Y Y Y Y | For Claims Processing Only |

3

## PART II.  SCHEDULE OF TRANSACTIONS IN IGT SECURITIES

### IGT COMMON STOCK

**A.** Number of shares of IGT common stock held at the close of trading on October 31, 2007:

Proof Enclosed? ○ Y ○ N

**B.** Purchases or acquisitions of IGT common stock (November 1, 2007 – October 30, 2008, inclusive):

┌─ PURCHASES ─────────────────────────────────────────────

| Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof of Purchase Enclosed |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1.  / / | | $           . 0 0 | ○ Y ○ N |
| 2.  / / | | $           . 0 0 | ○ Y ○ N |
| 3.  / / | | $           . 0 0 | ○ Y ○ N |
| 4.  / / | | $           . 0 0 | ○ Y ○ N |

**IMPORTANT:** (i) If any purchase listed covered a "short sale", please mark Yes: ○ Yes
(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y          Merger Shares:          Company:

**C.** Number of shares of IGT common stock purchased or acquired between October 31, 2008 and January 28, 2009, inclusive:

Proof Enclosed? ○ Y ○ N

**D.** Sales of IGT common stock (November 1, 2007 – January 28, 2009, inclusive):

┌─ SALES ─────────────────────────────────────────────

| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof of Sale Enclosed |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1.  / / | | $           . 0 0 | ○ Y ○ N |
| 2.  / / | | $           . 0 0 | ○ Y ○ N |
| 3.  / / | | $           . 0 0 | ○ Y ○ N |
| 4.  / / | | $           . 0 0 | ○ Y ○ N |

**E.** Number of shares of IGT common stock held at the close of trading on January 28, 2009:

Proof Enclosed? ○ Y ○ N

*If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.*
**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8.  FAILURE TO SIGN THE RELEASE**
**MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



4

## PART II.  SCHEDULE OF TRANSACTIONS IN IGT SECURITIES (CONTINUED)
### IGT OPTIONS

### PURCHASES/REPURCHASES

F.  I made the following purchase/repurchase of options on IGT common stock during the period from November 1, 2007 through October 30, 2008, inclusive:

| Option Type | Date(s) of transaction (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Proof of transaction Enclosed? |
|---|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |

### SALES/WRITTEN

G.  I made the following sales/written options on IGT common stock during the period from November 1, 2007 through October 30, 2008, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Proof of transaction Enclosed? |
|---|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | | | ○ Y ○ N |

*If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.*
**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



## PART II.  SCHEDULE OF TRANSACTIONS IN IGT SECURITIES (CONTINUED)
### IGT 2.6% NOTES

**Proof Enclosed?**

**H.** Number of IGT 2.6% Notes held at the close of
trading on October 31, 2007:

◯ Y
◯ N

**I.** Purchases of IGT 2.6% Notes (November 1, 2007 – October 30, 2008, inclusive):

**PURCHASES**

| | Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Face Value of Shares Purchased | Total Purchase Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ . 00 | ◯ Y ◯ N |
| 2. | / / | | $ . 00 | ◯ Y ◯ N |
| 3. | / / | | $ . 00 | ◯ Y ◯ N |
| 4. | / / | | $ . 00 | ◯ Y ◯ N |
| 5. | / / | | $ . 00 | ◯ Y ◯ N |
| 6. | / / | | $ . 00 | ◯ Y ◯ N |

**J.** Sales of IGT 2.6% Notes (November 1, 2007 – October 30, 2008, inclusive):

**SALES**

| | Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Face Value of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof of Sale Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ . 00 | ◯ Y ◯ N |
| 2. | / / | | $ . 00 | ◯ Y ◯ N |
| 3. | / / | | $ . 00 | ◯ Y ◯ N |
| 4. | / / | | $ . 00 | ◯ Y ◯ N |
| 5. | / / | | $ . 00 | ◯ Y ◯ N |
| 6. | / / | | $ . 00 | ◯ Y ◯ N |

**Proof Enclosed?**

**K.** Number of IGT 2.6% Notes held at the close of
trading on October 30, 2008:

◯ Y
◯ N

*If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.*
**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8.  FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



## V.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement, dated as of March 28, 2012 ("Stipulation"), described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Nevada, with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases or sales of IGT securities during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

## VI.  RELEASE

1.  I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge, all of the Released Claims against each and all of the Defendants and each and all of their "Related Parties" defined as each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, underwriters, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest (directly or indirectly).

2.  "Released Claims" shall collectively mean all claims (including Unknown Claims as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, asserted or that could have been asserted by the Plaintiffs or any Settlement Class Member against the Defendants and their Related Parties based upon or arising out of both (a) the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or could have been alleged in the Litigation and (b) the purchase or acquisition of IGT securities by the Plaintiffs or any Settlement Class Member during the Settlement Class Period.  Released Claims do not include the claims under the Employee Retirement Income Security Act of 1975 set forth in the complaint in the consolidated action *Carr v. International Game Technology*, Case No. 3:09-cv-00584 (D. Nev.) and *Jordan v. International Game Technology*, Case No. 3:09-cv-00585 (D. Nev.).  Released Claims also do not include the claims asserted derivatively on behalf of IGT in the following actions: *Israni v. Bittman*, 3:09-cv-00536 (D. Nev., consolidated in Base Case 3:09-cv-00467); *Sprando v. Hart*, 3:10-cv-00415 (D. Nev.); *Arduini v. Hart*, 3:11-cv-00255 (D. Nev.); *Kurz v. Hart*, No. 09-02982 (2d Jud. Dist. Nev. Washoe County); and *Gusinsky v. Matthews*, No. CV12-00694 (2d Jud. Dist. Nev. Washoe County).

3.  "Unknown Claims" means collectively any Released Claims that the Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to or opt out of this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

4.  This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5.  I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.  I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in IGT securities that occurred during the Settlement Class Period as well as the number of shares of IGT common stock held by me (us) at the close of trading on October 31, 2007 and at the close of trading on January 28, 2009, and the number of IGT 2.6% Notes held by me (us) at the close of trading on October 31, 2007 and at the close of trading on October 30, 2008.

7.  I (We) hereby warrant and represent that I am (we are) not excluded from the Settlement Class, as defined in the Notice.



I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE FOREGOING INFORMATION SUPPLIED ON THIS PROOF OF CLAIM AND RELEASE FORM BY THE UNDERSIGNED IS TRUE AND CORRECT.

Executed this ___29___ day of ___MAY 2002___ in _____
                                        (Month/Year)                    (City/State/Country)

x _Tom Kemp_____          x _Ben Kemp_____
(Sign your name here)                     (Sign your name here)

_Thomas C Kemp_____       _Beverly J Kemp_____
(Type or print your name here)            (Type or print your name here)

_owner_____       _owner._____
(Capacity of person(s) signing, e.g.,     (Capacity of person(s) signing, e.g.,
Beneficial Owner, Executor or Administrator)   Beneficial Owner, Executor or Administrator)

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
### THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your claim form and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

6. If you move, please send the Claims Administrator your new address.

*Please exclude us from this settlement.*

8



RECEIVED EC

SEP 2 8 2012

CLAIMS CENTER

IGT Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

IGT